UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ramon M. Jackson,

Petitioner,

Case Number: 26-13402
Honorable F. Kay Behm

v.

State of Michigan, et al.,

Respondents.
_______________________________/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Ramon M. Jackson, a resident of Detroit, filed a *pro se* writ of habeas corpus under 28 U.S.C. § 2241(c)(3).[1] Petitioner challenges a pending arrest warrant out of Wayne County, Michigan. For the reasons stated below, the petition for a writ of habeas corpus is denied.

**I.**

Petitioner claims in his petition that he "has been subjected to an active state-level pre-trial felony warrant for ten consecutive months." (ECF No. 1, PageID.1.) Over this ten-month period, he "has aggressively attempted to get a

[1] Petitioner filed his petition under 28 U.S.C. § 2241 and § 2254. Because the petition is filed before he was convicted of any crimes, the appropriate vehicle for Petitioner to seek habeas corpus relief is under the traditional habeas statute, 28 U.S.C. § 2241. *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008).

formal Motion to Quash heard on the merits." (*Id.*) He claims that the state court system is not an adequate forum in which to challenge the warrant because the district court rejected his motion to quash, and the Michigan appellate courts have refused to hear his claims. (*Id.* at PageID.1-2.)

Petitioner does not allege that he is currently incarcerated on the charge(s) underlying the warrant, released on bond, or otherwise subject to conditions that restrain his liberty. He asks the Court to issue a restraining order prohibiting the State of Michigan and the County Sheriff from executing the felony warrant and to order Respondents to conduct a hearing on the merits of his motion to quash. He names the State of Michigan, the Wayne County Prosecutor, the Wayne County Sheriff, and Dearborn Heights Police Chief as Respondents.

**II.**

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to conduct a preliminary review of a federal habeas petition and determine whether it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.[2] If, after initial consideration, the court determines that the petitioner is not entitled to relief, the court must

[2] The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254, such as habeas petitions filed under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Here, the Court exercises its discretion and applies the Rules Governing Section 2254 cases to this case.

summarily dismiss the petition. *See* Rule 4, Rules Governing Section 2254 Cases; *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (recognizing a district court's duty to screen out petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Id.*

**III.**

Petitioner was not "in custody" when he filed this action. The Court therefore lacks jurisdiction to consider his petition for habeas corpus relief.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), a habeas petitioner must be "in custody" pursuant to the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" requirement "is jurisdictional: if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it." *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018).

Petitioner does not allege that the warrant has been executed, that he has been arrested or detained on the warrant, or that he is subject to bond conditions or any other restraint on his liberty arising from the warrant. An unexecuted arrest warrant, standing alone, does not place its subject in actual or constructive custody for purposes of federal habeas jurisdiction. *See, e.g.*, *Wrosch by Dye v. Neeley*, No. 2:25-CV-11947, 2025 WL 2042264, at *2 (E.D. Mich. July 21, 2025) ("This Court

does not have the authority to review the constitutionality of Mr. Wrosch's arrest under habeas relief because he has neither been charged [with n]or convicted of any crime."); *Gilliland v. Barteaux*, 670 F. Supp. 3d 1254, 1261 (N.D. Okla. 2023) (holding that a petitioner was not in "constructive custody" for habeas purposes merely because she was subject to an arrest warrant for failure to comply with a tribal-court order to post a cash bond). Accordingly, because Petitioner is not in custody, the Court lacks jurisdiction over his petition.

**IV.**

Before Petitioner may appeal the dismissal of his habeas petition, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Where a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that "jurists of reason" would not debate its conclusion that Petitioner fails to satisfy the "in custody" requirement. The Court therefore denies a certificate of appealability.

**V.**

For the foregoing reasons, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED**.

Date: September 28, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge